## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

JASON GROTHJAN,            )
                           )
            Plaintiff,     )
                           )   Case No. 2:17-CV-80
       vs.                 )
                           )
DR. ANDREW LIAW,           )
                           )
            Defendant.     )

## OPINION AND ORDER

Jason Grothjan, a *pro se* prisoner, filed an amended complaint alleging Dr. Andrew Liaw, a doctor at the Westville Correctional Facility, refused to treat two serious medical conditions. ECF 42. Pursuant to 28 U.S.C. § 1915A, a court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id*. at 603. In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

First, Grothjan alleges Dr. Liaw refused to treat his chronic back condition. He states that he was diagnosed as having serious back issues, including a few herniated discs, for which he was receiving medical treatment since 2003. While housed at the Pendleton Correctional Facility, doctors prescribed him Neurontin and Mobic for his back condition. When he arrived at Westville on June 3, 2016, those medications needed to be renewed. Grothjan claims to have informed Dr. Liaw of his medical problems and needs and that this doctor was in possession of his past medical records establishing as much. Nevertheless, he complains that Dr. Liaw refused to renew his prescriptions of Neurontin and Mobic simply to punish Grothjan for being in segregation.

Second, Grothjan alleges Dr. Liaw refused to treat a self-inflicted wound in April 2017. On April 15, Grothjan self-inflicted a deadly wound on his arm. The nurses tried to stop the bleeding and called Dr. Liaw at home. Dr. Liaw refused to come to the prison on his day off of work. He refused to stitch the five-inch wound because "he does not stitch closed self injurious wounds out of

fear that the patient will tear out stitches and make more work for him." ECF 42 at 3, 4. Grothjan alleges that Dr. Liaw leaving his would unstitched left him more susceptible to infection and created a large, sensitive scar.

Grothjan brings a claim of money damages against Dr. Liaw for failing to treat his back problems and his self-inflicted wound. Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a

decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Here, Grothjan alleges that Dr. Liaw was aware of both his need for prescription medications for his back condition and the need for his wound to be stitched closed, but nevertheless refuse to provide him with necessary medical attention. On these facts, Grothjan may demonstrate that Dr. Liaw was deliberately different to his serious medical needs. Although further factual development may show that Dr. Liaw was justified in his actions, it is too early to tell at this point. Giving him the inferences to which he is entitled at the pleading stage, Grothjan has alleged enough to proceed on an Eighth Amendment claim against Dr. Liaw.

For these reasons, the court:

(1) **GRANTS** Jason Grothjan leave to proceed against Dr. Liaw in

his individual capacity for compensatory and punitive damages for denying him necessary prescription medications of Neurontin and Mobic for his back condition in violation of the Eighth Amendment;

(2) **GRANTS** Jason Grothjan leave to proceed against Dr. Liaw in his individual capacity for compensatory and punitive damages for refusing to stitch closed Grothjan's self-inflicted wound in violation of the Eighth Amendment;

(3) **DISMISSES** all other claims;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Dr. Liaw at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 42), pursuant to 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Liaw respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**DATE:** February 2, 2018  **/s/RUDY LOZANO, Judge**
**United States District Court**